O. DITTMAR, ADMINISTRATOR OF ESTATE OF E. ABAT, v. A. C. MYERS.

Where the consideration of a note was Confederate money loaned the maker, it receives no additional sanction from a direction in his will that it should be paid; the original promise being illegal, so also is the subsequent direction for its payment.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

This suit was brought on a promissory note, executed May 8, 1862, by E. Abat to A. C. Myers.

Estelle T. Abat, the surviving widow and executrix of the will of E. Abat, administered the estate independent of the probate court. She afterwards married Louis Duval.

Mrs. Estelle T. Duval died, and her surviving husband, Louis Duval, was made administrator, with the will annexed, and in that capacity filed an answer in the cause. Still later he resigned, and A. Dittmar became administrator *de bonis non*, with the will annexed, and filed an answer adopting his predecessor's pleadings, and charging on his information that the claim of Myers was illegal; that the note sued on was given without valid or valuable consideration, to-wit, for Confederate treasury notes, and prayed for cancellation of the same.

On October 22, 1872, Dittmar amended his answer, stating that Mrs. Abat's allowance of Myers' claim was made during the war, when it was impossible to insist on the proper rule of law, through mistake, and in consequence of false representations, and that the allowance and approval was in contravention of law.

He further charged that Confederate money lent to the testator was the consideration of the note, alleging, in addition, that the approval of the Confederate probate judge was not a judicial act, and the allowance by Mrs. Abat unauthorized by law, and not done in her fiduciary character as executrix. He prayed that the allowance and approval be set aside, and the claim rejected as null and void.

The court excluded from the jury evidence that the consideration for the note was Confederate money, which ruling was assigned for error. The evidence disclosed that Mrs. Abat, as executrix, allowed Myers' claim January 18, 1864; that the probate court approved it Decem-

ber 31, 1864; and that the maker of the note, E. Abat, by his will, executed twenty-sixth of May, 1862, directed the payment of the note.

Verdict and judgment for Myers, from which Dittmar appealed.

*W. B. Leigh,* for appellant.

*Wælder & Upson,* for appellee.

WALKER, J.—If the note sued on in this case by A. C. Myers, the appellee, was given for Confederate money, there is no reason in law or fact why the defense of Confederate money should be ruled out.

The executrix of the will of E. Abat, by her agreement not to litigate this case, could not bind the estate to the execution of a Confederate money contract, nor could she bind the administrator *de bonis non.*

Whether the note was given for Confederate money or not, is a matter of fact in defense, which may be proved under a proper averment.

But it is claimed that E. Abat, by the second clause of his will, in which he directs this note to be paid, has so ratified and confirmed the contract that the court must carry out its execution. In other words that the will is the law to the executrix, and this clause of the will is perhaps treated as a testament in favor of Vance & Bro., who are the holders of the note sued on.

We do not regard the will in this light. It might be regarded as a subsequent promise to pay a debt, otherwise barred by limitation; but if the original promise was illegal, and not binding, neither is the subsequent promise or direction.

The will of E. Abat was made on the twenty-sixth day of May, 1862, at a time when he no doubt supposed, if he had borrowed Confederate money of Myers, or con-

tracted a Confederate money debt, that it would be repaid in the same currency; and it is very doubtful whether he would have considered this obligation binding upon his conscience to pay the debt in lawful money of par value, if he had foreseen the results of the civil war.

We think the assignments for error in this case are well taken.

The judgment of the District Court is therefore reversed and the cause remanded.

REVERSED AND REMANDED.